SEIGEL ET AL., APPELLEES, *v.* KAPLAN ET AL., APPELLANTS.
SIEGEL ET AL., APPELLANTS, *v.* KAPLAN ET AL., APPELLEES.

(No. C-74155 and C-74404—Decided February 10, 1975.)

*Aronoff, Rosen & Lerner Co.*, L. P. A., for appellees/ appellants.

*Messrs Dinsmore, Shohl, Coates & Deupree, Mr. Smith H. Tyler, Jr., Mr. Vincent B. Stamp* and *Mr. Lester W. Koehler*, for appellants/appellees.

SCHNEIDER, J. These two causes came on to be heard on questions of law; the transcripts of the docket and journal entries and the original papers from the Court of Common Pleas of Hamilton County; the assignments of error; and the briefs and arguments of counsel.

Case No. C-74155 is an action for the partition of real estate commenced by plaintiff Seigel et al., the appellees therein: The trial court entered a summary judgment in their favor. Of the several defendants, only Thelma Kaplan (known by marriage as Thelma Strauss and hereinafter referred to by that name) and Jerry Strauss, who claims an interest in the property solely as the spouse of Thelma, have perfected the appeal and are the sole appellants. (Since Thelma is the principal party in interest, they will be hereinafter referred to in the singular.)

The single assignment of error in that case is that the trial court erred as a matter of law in sustaining the plaintiffs' motion for a summary judgment and ordering the partition of the real estate.

Case No. C-74404 is an outgrowth of the first action. In No. C-74155, plaintiff Seigel et al., the appellants therein, sought an injunction to prevent Mr. and Mrs. Strauss from prosecuting an appeal in No. C-74404 on the ground that a settlement between all of the parties in that cause was reached immediately after the trial court's summary judgment therein, in open court and with the knowledge and participation of the trial judge. It was alleged that the settlement involved, among other matters, a promise by all of the parties not to appeal that judgment. The trial court granted the motion to dismiss the Complaint in C-74404. That appeal is from this final order.

Part of the complication in these two appeals will be eliminated by our conclusion that the judgment of the trial court in C-74155 should be affirmed. Thus, we need not de-

cide the vexatious questions in C-74404, possibly involving an interpretation of App. R. 9 and 10—whether the claimed settlement occurred during or after the trial of C-74155, or before or after this court acquired jurisdiction of that case by reason of the filing of the notice of appeal, thereby nullifying the exercise of jurisdiction by the trial court. Therefore, C-74404 will be dismissed, *sua sponte,* as being moot.

Turning to the merits of C-74155, plaintiffs claim a right to partition by virtue of their varying fractional interests in fee of the real estate involved. Defendant interposed as her principal defense the proposition that the property and the business operated thereon were subject to written Partnership Articles, which stated expressly that such real estate "shall be considered as partnership real estate" and, therefore, not subject to partition. Moreover, a further term of the Articles recites: "each of the parties hereto agrees that he or she will not institute or maintain any suit or proceeding to partition said real estate during the existence of the partnership."

A copy of the written "Partnership Articles" is in the record and there is no dispute as to its form or execution. Furthermore, it seems unnecessary to set it forth in its entirety in this decision.

The first impediment to the defense and, consequently, to the success of the assignment of error, is that defendant was not a party to the execution of the articles. Indeed, she became the owner in fee of her fractional interest only after the original term of the partnership had expired, and through a deed executed by the trustees under the Last Will and Testament of Isadore Hodesh, deceased, whose predecessor trustees were signatories to the articles. Furthermore, that deed indicates that the trustees were acting "according to the terms of" the Last Will and Testament of Isadore Hodesh, which is not included in this record. The deed then recites that their fractional interest is being conveyed to the four grantees, one of whom is Thelma Strauss, as "tenants in common." (The other three grantees in that deed joined in the Complaint for partition and are also appellees in this case.)

Defendant claims, however, that the partnership con-

tinues to subsist and that the real estate therefore continues to be partnership property by virtue of the first sentence of Article 9, which reads as follows:

Upon the expiration of this agreement this partnership shall continue from year to year thereafter unless terminated at the end of any fiscal year by the election of one or more of the partners to discontinue the partnership.

The difficulty with this claim is that the articles are completely silent as to the effect on the partnership of a succession by gift or devise from an original partner. Conversely, the articles explicitly provide (1) that the death of a partner shall not "dissolve the partnership but the business shall be continued by the survivor or survivors and the representatives of the deceased partner;" (2) that "the transfer of a partner's interest *to* [emphasis supplied] a trustee under a Will shall not constitute a sale or assignment of a partner's interest in the partnership, but such trustee shall become a partner in lieu of the deceased partner appointing or designating such trustee"; and (3) that the "parties hereto * * * will not sell or encumber in any way his or her interest in the (subject real estate) except that a sale of the interest of one partner may be made to another at such price as they may agree upon."

Another obstacle to defendant's contention is that she did not avail herself of the opportunity to present on the record, in opposition to plaintiffs' motion for summary judgment, and by way of affidavit, deposition, admissions or otherwise any indication that the benefits of the partnership articles have enured to her or that she is in fact a partner. The record does not disclose to us, nor could it have disclosed to the trial court, whether or not defendant participated in the management of the partnership ("the decision of a majority of the partners in interest shall constitute the act of the partnership." Article 2); whether or not by any course of conduct she held herself out to be a partner, or whether or not the other parties recognized her as a partner; and, finally, whether or not she ever shared in the profits thereof, if any, or in the losses, if any. Even so,

the receipt of income from a parcel of real estate, standing alone, would not be inconsistent with the status of a tenant in common.

The final barrier, however, to a reversal in this case is that the deed of conveyance to defendant, previously mentioned, was outside of the partnership articles, both in time and substance. In her Answer, defendant admitted paragraph eight of the Complaint which alleges, among other things, that the spouses of the respective owners of the interests in the subject real estate claim an interest therein as such spouses. Of course, it is hornbook law that a spouse as such has no interest in partnership real estate.

As a result of the foregoing, defendant is in the untenable position of claiming an interest in the real estate under the conveyance hereinbefore referred to, on the one hand, and on the other, attempting to gainsay the very term of that conveyance which designated her as the recipient of the interest conveyed as a tenant in common with the other grantees.

We hold, therefore, that defendant Thelma Kaplan (Strauss) is not a partner in the partnership created by the partnership articles in this case and, consequently, it is unnecessary to decide whether a partnership still exists between the remaining parties to those articles, none of whom are contesting their validity or effect.

We conclude, therefore, that the Court of Common Pleas of Hamilton County, on this record, was compelled to find, against the objection of the appellant, that the real estate in question was held by the record owners as tenants in common and its summary judgment entry, embodying that finding and appointing three freeholders, is hereby affirmed.

*Judgment affirmed.*

Shannon, P. J., and Palmer, J., concur.